UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITA JERVISS, et al., | No. 2:15-cv-01904-MCE-KJN |
| Plaintiffs, | |
| v. | **ORDER** |
| SELECT PORTFOLIO SERVICING, INC. et al., | |
| Defendants. | |

Through this action, Rita and Vince Jerviss ("Plaintiffs") seek to enjoin Select Portfolio Servicing, Inc. ("SPS") and National Default Servicing Corporation (collectively, "Defendants") from conducting an allegedly "dual tracked" trustee's sale of their home in violation of the California Homeowner's Bill of Rights. Presently before the Court is Plaintiffs' Motion for a Temporary Restraining Order ("Motion") filed on September 29, 2015. ECF No. 12. On October 1, 2015, Defendants filed an opposition to Plaintiffs' Application. (ECF No. 14). For the reasons that follow, Plaintiffs' Application is GRANTED.

///

///

///

# BACKGROUND[1]

Plaintiffs' home is located at 193 Glacier Circle, Vacaville, California, 95687 ("Subject Property"). Their mortgage loan boarded for servicing with SPS on October 1, 2008. ECF No. 14 at 2. Although SPS had already previously modified their loan, Plaintiffs found themselves in arrears on their mortgage payments in 2013 and began applying for a second loan modification. The application process took nearly two years as SPS repeatedly requested additional documents before it would declare Plaintiffs' application complete.[2]

On March 26, 2015, Defendants recorded a Notice of Trustee's Sale on the Subject Property, scheduling a sale date of April 16, 2015. For reasons unapparent from the record, Defendants postponed the Trustee's Sale, and acknowledged that Plaintiffs' application was complete on April 29. By letter dated May 14, 2015, Defendant SPS denied Plaintiffs' application. Plaintiffs timely appealed the denial by letter dated June 8, 2015. On July 15, 2015, Defendant SPS denied Plaintiffs' appeal. ECF No. 14-1 at 52. Defendants then rescheduled the Trustee's Sale for August 17, 2015.

On August 12, 2015, Plaintiffs filed a complaint in Sacramento County Superior Court, alleging five causes of action against Defendants for negligence and for violations of Civil Code sections 2923.6(c), 2923.6(e), 2923.7, and 2924.10. The Superior Court issued a Temporary Restraining Order ("TRO") on August 14 enjoining Defendants "from conducting or carrying to completion any Trustee's Sale of the Subject Property" and scheduled the Motion for Preliminary Injunction to be heard on September 22. On August 16, Defendants rescheduled another Trustee's Sale of the Subject Property for October 2, 2015. However, the day Defendants' opposition to the Motion for Preliminary Injunction was due in Superior Court, Defendants instead removed the case to this

---

[1] Unless otherwise noted, the following facts are taken from Plaintiffs' Motion for a Temporary Restraining Order ("Motion") and supporting evidence. ECF No. 12.

[2] The factual issue at the heart of this dispute is when Defendant SPS received a complete loan application from Plaintiffs. That dispute is discussed more fully below.

Court.  The previously issued TRO expired, and Plaintiffs filed a new application for temporary relief here.

## STANDARD

The purpose of a temporary restraining order is to preserve the status quo pending the complete briefing and thorough consideration contemplated by full proceedings pursuant to a preliminary injunction.  See Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 438-39 (1974) (temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"); see also Reno Air Racing Ass'n., Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006); Dunn v. Cate, No. CIV 08-873-NVW, 2010 WL 1558562, at *1 (E.D. Cal. April 19, 2010).

Issuance of a temporary restraining order, as a form of preliminary injunctive relief, is an extraordinary remedy, and Plaintiffs have the burden of proving the propriety of such a remedy.  See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997).  In general, the showing required for a temporary restraining order and a preliminary injunction are the same.  Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001).

The party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter). The propriety of a TRO hinges on a significant threat of irreparable injury that must be imminent in nature.  Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the Plaintiffs

1  demonstrate the requisite likelihood of irreparable harm and show that an injunction is in
2  the public interest, a preliminary injunction can still issue so long as serious questions
3  going to the merits are raised and the balance of hardships tips sharply in Plaintiffs'
4  favor. Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011)
5  (concluding that the "serious questions" version of the sliding scale test for preliminary
6  injunctions remains viable after Winter).

## ANALYSIS

### A.  Irreparable Harm

Plaintiffs have easily established that they will be irreparably harmed if Defendants proceed with a Trustee's Sale on October 2, 2015. Plaintiffs aver that if Defendants proceed with the Trustee's Sale, they will be forced to move out of their home and that they have no other place to go. ECF No. 12 at 16, ¶ 11. Defendants offer no evidence to the contrary. "The loss of one's home through foreclosure generally is considered sufficient to establish irreparable harm." Tamburri v. Suntrust Mortg., Inc., 2011 WL 2654093 at *2 (N.D. Cal. 2011). Accordingly, Plaintiffs have established the requisite likelihood of imminent irreparable harm necessary to support the issuance of a TRO.

### B.  Balance of the Equities and Public Interest

The balance of the equities here tips sharply in Plaintiffs' favor. If Defendants are permitted to proceed with the Trustee's Sale scheduled for October 2, Plaintiffs will be homeless. ECF No. 12 at 16, ¶ 11. For their part, Defendants do not identify any hardship if a TRO issues enjoining the Trustee's Sale. The Court struggles to find any possibility of serious hardship to Defendants given the fact that the security they have in the Subject Property still remains if the Court preserves the status quo. Defendants may lose some money in the short term, but this is nothing compared to the likelihood that Plaintiffs will forever lose their home if the Trustee's Sale proceeds as scheduled. See

Naderski v. Wells Fargo Bank, N.A., 2011 WL 1627161 at *2 (C.D. Cal. 2011) (finding that balance of hardships favored plaintiff because if the sale was not enjoined plaintiff "is likely to forever lose his home, whereas defendants will only experience a temporary delay in earning income from their investment.").

The public interest factor favors Plaintiffs as well.  "Numerous courts have indicated that it is in the public interest to allow homeowners an opportunity to pursue what appear to be valid claims before being displaced from their homes."  Tamburri, 2011 WL 2654093 at *5 (internal quotation omitted).  Defendants make no argument to the contrary in their opposition papers.  Accordingly, Plaintiffs need only show that there are "serious questions going to the merits" in order to obtain the relief they seek.  See Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011).

**C.     Serious Questions Going to the Merits**

Plaintiffs have three causes of action that provide a basis for injunctive relief here (Plaintiffs Second, Third, and Fifth Causes of Action).  For the reasons that follow, the Court finds that Plaintiffs have shown serious questions going to the merits as to their Second and Fifth Causes of Action.[3]

Plaintiffs' second cause of action is for violation of Civil Code section 2923.6(c), which provides:

> If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien modification application is pending.

Plaintiffs' Fifth Cause of Action arises under Civil Code section 2924.10, which in turn requires:

---

[3] Plaintiffs have not shown serious questions going to the merits regarding their Third Cause of Action for violation of Civil Code §2923.6(e).  Section 2923.6(e) provides that under the circumstances here, a notice of default or notice of sale may not be recorded, or a trustee's sale conducted until 15 days after the denial of the borrower's appeal.  In their moving papers, Plaintiffs contend they never received a response to their appeal.  However, Defendants provided the Court with a copy of a July 15, 2015, denial letter.  ECF No. 14-1 at 52.  Accordingly, section 2923.6(e) apparently did not bar Defendants from proceeding with the foreclosure.

> (a) When a borrower submits a complete first lien modification application or any document in connection with a first lien modification application, the mortgage servicer shall provide written acknowledgment of the receipt of the documentation within five business days of receipt.

The crux of the dispute between Plaintiffs and Defendants as to both of these causes of action hinges on when their loan modification application became "complete." Plaintiffs aver that after nearly two years of submitting documents, their application was complete by the end of February 2015, and that Defendant SPS must have received it no later than the first week of March 2015. ECF No. 12 at 5. Defendant SPS did not deny the application until May 14, 2015. Id. at 29. Thus, according to Plaintiffs, Defendants' decision to record a Notice of Trustee's Sale on the Subject Property on March 26, 2016, violated Civil Code section 2923.6(c).

Defendants argue that Plaintiffs' Loan file shows that although Plaintiffs' submitted documents to SPS on March 9 and March 23, their submissions remained incomplete until at least late April when Defendant SPS acknowledged that their application was complete. ECF No. 14-1 at 3, ¶ 10; ECF No. 12 at 26.

Curiously, although Defendants have submitted five different documents from Plaintiffs' Loan File to support other arguments in their Opposition, they provide no documentation to corroborate their assertion that Plaintiffs' application was incomplete as of March 23, 2015. Defendants could have easily put this issue to bed by documenting the incompleteness of Plaintiffs' application with correspondence from their Loan File. Because Defendants were unable to do so, the Court infers that the evidence from the Loan File, if any, is adverse to Defendants. See e.g. Interstate Circuit v. U.S., 306 U.S. 208, 226 (1939) ("The production of weak evidence when strong is available can lead only to the conclusion that the strong would have been adverse. Silence then becomes evidence of the most convincing character." (citations omitted)). Plaintiffs have therefore established serious questions going to the merits of their Second and Fifth Causes of Action. Accordingly, Plaintiffs' application is GRANTED.

**CONCLUSION**

For the reasons stated above, Plaintiffs' Motion is GRANTED. Defendants are enjoined from performing any act in furtherance of holding a Trustee's Sale of the Subject Property while this TRO remains in effect.

This TRO will expire on October 9, 2015 at 10:00 AM, when the Court will hold a hearing to consider whether Plaintiffs are entitled to a preliminary injunction. The Court will treat Plaintiffs' Motion for a Temporary Restraining Order as Plaintiffs' Motion for a Preliminary Injunction for the purposes of the October 9 hearing. Plaintiffs are directed to file any supplemental briefing they wish the Court to consider no later than October 6. Defendants are directed to file any supplemental opposition they wish the Court to consider no later than October 7. In preparing supplemental briefing, the parties shall review and comply with Local Rule 230(d).

IT IS SO ORDERED.

Dated: October 5, 2015

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT