UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITA JERVISS and VINCE JERVISS,<br><br>Plaintiffs,<br><br>v.<br><br>SELECT PORTFOLOIO SERVICING, INC., NATIONAL DEFAULT SERVICING CORPORATION, and DOES 1-10, inclusive,<br><br>Defendants. | No.  2:15-cv-01904-MCE-KJN<br><br><br><br>**MEMORANDUM AND ORDER** |

Through this action, Plaintiffs Rita and Vince Jerviss ("Plaintiffs") seek relief from Defendants Select Portfolio Servicing, Inc. ("SPS"), National Default Servicing Corporation, and Does 1 through 10 (collectively, "Defendants") for negligence and violations of the California Homeowners' Bill of Rights.  Presently before the Court is Plaintiffs' Motion for a Preliminary Injunction ("Motion").  ECF Nos. 12, 18.[1]  The Court concluded that oral argument would not be of material assistance, vacated the hearing on the Motion, and denied Plaintiffs' Motion on October 8, 2015.  ECF No. 21; E.D. Cal. Local R. 230(g).  The Court advised that a formal, written order would follow.  ECF No.

---

[1] The Court treated Plaintiffs' Motion for a Temporary Restraining Order as its Motion for Preliminary Injunction and granted all parties the opportunity to file supplemental briefs and evidence on the Motion.  See ECF No. 17 at 7.

1

21.  This Memorandum and Order more fully explains the Court's reasoning in denying Plaintiffs' Motion.

## BACKGROUND[2]

Plaintiffs' home is located at 193 Glacier Circle, Vacaville, California, 95687 ("Subject Property").  Their mortgage loan boarded for servicing with SPS on October 1, 2008.  ECF No. 14 at 2.  Although SPS had previously modified their loan, Plaintiffs found themselves in arrears on their mortgage payments in 2013 and began applying for a second loan modification.  Plaintiffs repeatedly sent in documents that SPS required before their application could be considered complete.  Importantly, SPS alerted Plaintiffs by letter that their application was not complete on February 17, March 13, March 31, April 14 and April 20, 2015.

On March 26, 2015, Defendants recorded a Notice of Trustee's Sale on the Subject Property, scheduling a sale date of April 16, 2015.  For reasons unapparent from the record, Defendants then postponed the Trustee's Sale.  On April 29, 2015, SPS acknowledged that Plaintiffs' application was complete.  By letter dated May 14, 2015, Defendant SPS denied Plaintiffs' application.  Plaintiffs timely appealed the denial by letter dated June 8, 2015.  On July 15, 2015, Defendant SPS denied Plaintiffs' appeal.  ECF No. 14-1 at 52.  Defendants then rescheduled the Trustee's Sale for August 17, 2015.

On August 12, 2015, Plaintiffs filed a complaint in Sacramento County Superior Court, alleging five causes of action against Defendants for negligence and for violations of Civil Code sections 2923.6(c), 2923.6(e), 2923.7, and 2924.10.  The Superior Court issued a Temporary Restraining Order ("TRO") on August 14 enjoining Defendants "from conducting or carrying to completion any Trustee's Sale of the Subject Property" and

---

[2] The following recitation of facts is taken from the Court's Order granting Plaintiffs' Motion for a Temporary Restraining Order as well as the supplemental briefing filed by both Plaintiffs and Defendants regarding the instant Motion.  ECF Nos. 17-19.

2

scheduled the Motion for Preliminary Injunction to be heard on September 22. On August 16, Defendants rescheduled another Trustee's Sale of the Subject Property for October 2. However, the day Defendants' opposition to the Motion for Preliminary Injunction was due in Superior Court, Defendants instead removed the case to this Court. The previously issued TRO expired, and Plaintiffs filed a new application for temporary relief in this Court.

This Court granted the requested TRO on October 1, 2015. ECF No. 16. As a basis for its ruling, the Court noted that Plaintiffs and Defendants submitted dueling declarations regarding the date on which Plaintiffs' application became complete. Because SPS had sole access to Plaintiffs' Loan File and could have documented the incompleteness of Plaintiffs' application with correspondence from the Loan File, the Court applied the adverse inference rule and found that there were serious questions regarding when Plaintiffs' application became complete.

Plaintiffs and Defendants both timely submitted supplemental briefing on Plaintiffs' entitlement to a preliminary injunction pending trial. ECF Nos. 18, 19. The Court denied the instant Motion on October 8, 2015. ECF No. 21.

**STANDARD**

"A preliminary injunction is an extraordinary and drastic remedy." Munaf v. Geren, 553 U.S. 674, 690 (2008). "[T]he purpose of a preliminary injunction is to preserve the status quo between the parties pending a resolution of a case on the merits." McCormack v. Hiedeman, 694 F.3d 1004, 1019 (9th Cir. 2012). A plaintiff seeking a preliminary injunction must establish that he is (1) "likely to succeed on the merits;" (2) "likely to suffer irreparable harm in the absence of preliminary relief;" (3) "the balance of equities tips in his favor;" and (4) "an injunction is in the public interest." Winter v. Natural Res. Defense Council, 555 U.S. 7, 20 (2008) "If a plaintiff fails to meet its burden on any of the four requirements for injunctive relief, its request must be denied." Sierra

3

Forest Legacy v. Rey, 691 F. Supp. 2d 1204, 1207 (E.D. Cal. 2010) (citing Winter, 555 U.S. at 22).  "In each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" Winter, 555 U.S. at 24 (quoting Amoco Prod. Co. v. Gambell, 480 U.S. 531, 542 (1987)). A district court should enter a preliminary injunction only "upon a clear showing that the plaintiff is entitled to such relief."  Winter, 555 U.S. at 22 (citing Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and shows that an injunction is in the public interest, a preliminary injunction can still issue so long as serious questions going to the merits are raised and the balance of hardships tips sharply in the plaintiffs' favor.  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

**ANALYSIS**

In issuing the TRO enjoining Defendants from conducting a Trustee's Sale for the Subject Property, the Court found that Plaintiffs had satisfied the standard for obtaining preliminary injunctive relief with respect to their claims under Civil Code sections 2923.6(c) and 2924.10.  Plaintiffs renew the same arguments by which they obtained the TRO, but they also advance two new arguments predicated on their submission of a new loan modification application to SPS.  For the reasons that follow, the Court finds that Plaintiffs have not established serious questions going to the merits of any of their claims.

///
///
///

4

### A. Plaintiffs' Claims for Violation of Civil Code Sections 2923.6(c) and 2924.10

Plaintiffs Second and Fifth Causes of Action allege that Defendants violated Civil Code sections 2923.6(c) and 2924.10 by recording a Notice of Trustee's Sale for the Subject Property on March 26, 2015. Civil Code section 2923.6(c) provides:

> If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien modification application is pending.

Civil Code section 2924.10 requires:

> (a) When a borrower submits a complete first lien modification application or any document in connection with a first lien modification application, the mortgage servicer shall provide written acknowledgment of the receipt of the documentation within five business days of receipt.

As the Court noted in its Order granting Plaintiffs motion for a TRO, the heart of this dispute hinges on when Plaintiffs' loan modification application became "complete." Plaintiffs' Motion avers that after nearly two years of submitting documents, their application was complete by the end of February 2015, and that Defendant SPS must have received it no later than the first week of March 2015. ECF No. 12 at 5. Defendant SPS did not deny the application until May 14, 2015. Id. at 29. Thus, according to Plaintiffs, Defendants' decision to record a Notice of Trustee's Sale on the Subject Property on March 26, 2015, violated Civil Code section 2923.6(c). Furthermore, if Plaintiffs' application was complete as of early March 2015, then Defendants' failure to acknowledge its receipt of a completed application until April 29, 2015 violated Civil Code section 2924.10. In response, Defendants submitted documents from Plaintiffs' Loan File showing that SPS notified Plaintiffs of the incompleteness of their application on March 13, March 31, and April 20, 2015. ECF No. 19-1 at ¶¶ 6-10.

Defendants' submission of documentary evidence of the status of Plaintiffs' loan application is persuasive. A first lien loan modification application is deemed "complete"

5

when the borrower submits "all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer." Cal. Civ. Code § 2923.6(h). In the face of evidence that a mortgage servicer did not deem a plaintiff's application complete, the bald assertion that a party submitted "complete" loan modification applications is too conclusory to create a serious question going to the merits of a claim. See Stokes v. CitiMortgage, Inc., No. CV 14-00278, 2014 WL 4359193 at *7 (C.D. Cal. Sept. 3, 2014) (holding that there mere statement that an application was complete is insufficient to state a claim for relief).  At a minimum, Plaintiffs should have submitted some sort of documentation contradicting Defendants' evidence that their application was incomplete at the time the Notice of Trustee's Sale was recorded on March 26, 2015.  See e.g., Massett v. Bank of Am., N.A., No. CV 13-4736, 2013 WL 4833471 at *2-3 (C.D. Cal. Sept. 10, 2013) (finding that borrowers demonstrated a likelihood of success on the merits as to their claims under Civil Code section 2923.6 by submitting an email from the defendant confirming receipt of "all of the financial documents required in order to have a speedy review for modification").

Plaintiffs failed to do so here, and the record accordingly shows that the Notice of Trustee's Sale for the Subject Property was not recorded while a completed application was pending.  ECF No. 19-1 at ¶¶ 6-10.  Accordingly, Plaintiffs have failed to show a serious question going to the merits as to their Second and Fifth Causes of Action.  Their Motion is therefore DENIED.

   **B.** **Plaintiffs' September 24 Application**

In their supplemental brief in support of their Motion, Plaintiffs identify two additional grounds for the Court's issuance of a preliminary injunction.  Both arguments depend upon a new loan modification application Plaintiffs submitted to SPS on September 24, 2015.  First, Plaintiffs argue that their submission of the new application on September 24 constitutes an independent ground for the issuance of a preliminary injunction.  Second, Plaintiffs aver that they were denied a single point of contact in connection with the September 24 application.

Both arguments lack merit. The September 24 application is not at issue in this litigation: the operative complaint makes no mention of this application, nor do Plaintiffs allege that the Notice of Trustee's Sale was recorded while this application was pending. See ECF No. 1-1 at 4-24. Because Plaintiffs' complaint says nothing about this belated application, the Court cannot grant preliminary injunctive relief based on the September 24 application.

Even if the Court could consider the September 24 application as a basis for granting a preliminary injunction, Plaintiffs could not prevail on their claim that they were denied a single point of contact in connection with such application. California Civil Code section 2923.7(a) states that "[u]pon request from a borrower. . . the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact." At no point in their supplemental brief in support of their Motion did Plaintiffs allege that they requested a single point of contact in connection with the September 24 application. See ECF No. 18 at 5-6. Because only a borrower's request for a single point of contact triggers the obligations of Civil Code section 2923.7, the Court cannot enjoin Defendants from proceeding with foreclosure on this ground. The Court therefore DENIES Plaintiffs' Motion on these grounds as well.

## CONCLUSION

Because Plaintiffs have failed to demonstrate even a serious question going to the merits of any of their claims, it is HEREBY ORDERED that Plaintiffs' Motion for a Preliminary Injunction (ECF Nos. 12, 18) is DENIED.

IT IS SO ORDERED.

Dated: October 13, 2015

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT